IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

RLI INSURANCE COMPANY,            )
                                  )
            Plaintiff,            )
                                  )
vs.                               )    No. CIV-17-178-C
                                  )
A-LINE TDS, INC.,                 )
                                  )
            Defendant.            )

MEMORANDUM OPINION AND ORDER

Plaintiff provided an insurance policy to cover property now owned by Defendant. While the coverage was in place, the property was damaged by hail on September 21, 2014, and again on May 21, 2015. On December 10, 2015, Plaintiff received notice that coverage was being sought under the policy for the hail damage. The parties could not agree on the cost to correct the damage and the matter was referred to an umpire under the terms of the policy. The umpire determined both an actual cash value[1] as well as the permissible replacement cost. After that determination, Plaintiff tendered payment to Defendant in the amount of the actual cash value. After repairing the roof, Defendant sought to recover the additional amount of replacement value. Plaintiff denied the replacement claim arguing it had paid all amounts required under the policy.

---

[1] The parties are in agreement that in this case actual cash value is measured by the replacement cost less depreciation.

The parties have filed cross-motions for summary judgment, each arguing that the undisputed material facts entitle it to judgment as a matter of law. After reviewing the arguments raised by the parties, and considering the evidence presented, the Court finds that Plaintiff has satisfied its obligations under the contract and that it is entitled to summary judgment.

The Court's duty in this matter is clearly set forth by the Oklahoma Supreme Court:

> Insurance policies are contracts interpreted as a matter of law. Parties may contract for risk coverage and will be bound by policy terms. When policy provisions are unambiguous and clear, the employed language is accorded its ordinary, plain meaning; and the contract is enforced carrying out the parties' intentions. The policy is read as a whole, giving the words and terms their ordinary meaning, enforcing each part thereof. This Court may not rewrite an insurance contract to benefit either party.

BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co., 2005 OK 65, ¶ 6, 148 P.3d 832, 835, as corrected (Oct. 30, 2006). The parties agree that the policy herein is unambiguous and the Court finds it is neither unconscionable nor ambiguous.

Resolution of the dispute in this case hinges upon the meaning of what will be referred to as "the 180-day clause." That clause reads as follows: "'You' may make a claim for actual cash value before repair or replacement takes place, and later for the replacement cost if 'you' notify 'us' of 'your' intent within 180 days after the loss." (Dkt. No. 17-1, p. 70.) In that phrase, "you" is Defendant and "us" is Plaintiff. Thus, under the terms of the policy, Defendant could make a request for actual cash value ("ACV") and then later recover any additional costs of repair or replacement only if Defendant notified Plaintiff of its intent to do so within 180 days of the loss. If Defendant did not comply

with this provision, its options were to either accept ACV as full payment for the loss, or bear the full expense of repair or replacement and seek reimbursement from Plaintiff after the repairs were complete.

Here, it is undisputed that Defendant's first notice to Plaintiff occurred in excess of 200 days after the loss. Further, it is clear that Defendant requested Plaintiff pay the ACV for the roof and did so before repairs were complete. (Dkt. No. 17 Ex. E-4.) Thus, under the clear and unambiguous terms of "the 180-day clause" Plaintiff's obligation under the policy is limited to ACV. Because it is undisputed that Plaintiff has tendered that amount, Plaintiff has no further obligation under the terms of the insurance contract.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (Dkt. No. 52) is GRANTED. Defendant's Motion for Summary Judgment (Dkt. No. 51) is DENIED. Plaintiff's Unopposed Emergency Motion for Brief Continuance and Modification of Scheduling Order (Dkt. No. 62) is MOOT. A separate Judgment will issue.

IT IS SO ORDERED this 23rd day of January, 2018.

ROBIN J. CAUTHRON
United States District Judge